# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **ADAPTIX, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:12-cv-318 |
| ) | |
| **NOKIA SIEMENS NETWORKS** ) | **JURY TRIAL DEMANDED** |
| **US, LLC**, and ) | |
| **T-MOBILE USA, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc.

("ADAPTIX"), complains against defendants, Nokia Siemens Networks US, LLC ("NSN")

and T-Mobile USA, Inc. ("T-Mobile"), as follows:

## THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business at

4100 Midway Road, Suite 2010, Carrollton, Texas 75007.

2.      On information and belief, NSN is a Delaware corporation with its principal

place of business at 6000 Connection Drive, Irving, Texas 75039 and regularly does business

in this judicial district by, among other things, committing directly and/or indirectly the tort of

patent infringement giving rise to this complaint.  NSN's registered agent for service of

process in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235,

Houston, Texas 77062.

06017997

3.      On information and belief, T-Mobile is a Delaware corporation with a

principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.  T-Mobile's

registered agent for service of process in Texas is Corporation Service Company, 211 E. 7th

Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the

United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and

1400(b).  On information and belief, each defendant has purposely transacted business in this

judicial district and/or has committed acts of direct and/or indirect infringement in this

judicial district.

6.      On information and belief, each defendant is subject to this Court's specific

and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute,

due at least to their substantial business in this forum, including: (A) at least part of their

infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in

others persistent causes of conduct, and/or deriving substantial revenue from goods and

services provided to persons and other entities in Texas and this judicial district.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,146,172)

7.      ADAPTIX is the owner by assignment of United States patent number

7,146,172, entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE

CLUSTER CONFIGURATION AND SWITCHING" ("the '172 patent") with ownership of

all substantial rights in the '172 patent, including the right to exclude others and to sue and

recover damages for the past and future infringement thereof.  A true and correct copy of the '172 patent is attached as Exhibit A.

8.      On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to T-Mobile and others which, at a minimum, directly infringe the '172 patent.  NSN is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271.  NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

9.      On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '172 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '172 patent. T-Mobile is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until T-Mobile is enjoined.

10.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '172 patent in violation of 35 U.S.C. § 271.

11.     The infringement by each defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

### COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,870,808)

12.     ADAPTIX is the owner by assignment of United States patent number 6,870,808, entitled "CHANNEL ALLOCATION IN BROADBAND ORTHOGONAL FREQUENCY-DIVISION MULITPLEPACCESS/SPACEDIVISION MULTIPLE-ACCESS NETWORKS" ("the '808 patent") with ownership of all substantial rights in the '808 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '808 patent is attached as Exhibit B.

13.     On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to T-Mobile and others which, at a minimum, directly infringe the '808 patent. NSN is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

14.     On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '808 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single

RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '808 patent. T-Mobile is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271. T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

15.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '808 patent in violation of 35 U.S.C. § 271.

16.     The infringement by each defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,573,851)

17.     ADAPTIX is the owner by assignment of United States patent number 7,573,851 entitled "METHOD AND SYSTEM FOR SWITCHING ANTENNA AND CHANNEL ASSIGNMENTS IN BROADBAND WIRELESS NETWORKS" ("the '851 patent") with ownership of all substantial rights in the '851 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '851 patent is attached as Exhibit C.

18.     On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing

5

computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to T-Mobile and others which, at a minimum, directly infringe the '851 patent.  NSN is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271.  NSN's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until NSN is enjoined.

19.     On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '851 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '851 patent. T-Mobile is thereby liable for infringement of the '851 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

20.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '851 patent in violation of 35 U.S.C. § 851.

21.     The infringement by each defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 6,904,283)

22.    ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MULTI-CARRIER COMMUNICATIONS WITH GROUP-BASED SUBCARRIER ALLOCATION" ("the '283 patent") with ownership of all substantial rights in the '283 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '283 patent is attached as Exhibit D.

23.    On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to T-Mobile and others which, at a minimum, directly infringe the '283 patent.  NSN is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271.  NSN's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until NSN is enjoined.

24.    On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '283 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '283 patent. T-Mobile is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

25.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '283 patent in violation of 35 U.S.C. § 271.

26.     The infringement by each defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

### COUNT V
(INFRINGEMENT OF U.S. PATENT NO. 7,072,315)

27.     ADAPTIX is the owner by assignment of United States patent number 6,904,283 entitled "MEDIUM ACCESS CONTROL FOR ORTHOGONAL FREQUENCY-DIVISION MULTIPLE-ACCESS (OFDMA) CELLULAR NETWORKS" ("the '315 patent") with ownership of all substantial rights in the '315 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '315 patent is attached as Exhibit E.

28.     On information and belief, NSN is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations sold to T-Mobile and others which, at a minimum, directly infringe the '315 patent.  NSN is thereby liable for infringement of the '315 patent pursuant to 35

8

U.S.C. § 271.  NSN's infringement has caused damage to ADAPTIX which infringement and damage will continue unless and until NSN is enjoined.

29.     On information and belief, T-Mobile is directly and/or indirectly infringing at least one claim of the '315 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation NSN's Single RAN Flexi Multiradio Base Stations which, at a minimum, directly infringe the '315 patent. T-Mobile is thereby liable for infringement of the '315 patent pursuant to 35 U.S.C. § 271.  T-Mobile's infringement has caused damage to ADAPTIX, which infringement and damage will continue unless and until T-Mobile is enjoined.

30.     Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '315 patent in violation of 35 U.S.C. § 271.

31.     The infringement by each defendant has caused irreparable injury to ADAPTIX for which remedies at law are inadequate.  Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## PRAYER FOR RELIEF

Wherefore, ADAPTIX respectfully requests that this Court enter:

A.     Judgment in favor of ADAPTIX that each defendant has infringed the '172, '808, '851, '283 and '315 patents as aforesaid;

B.      A permanent injunction enjoining each defendant, its officers, directors,

agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others

acting in active concert or privity therewith from direct and/or indirect infringement of the

'172, '808, '851, '283 and '315 patents pursuant to 35 U.S.C. § 283;

C.      Judgment and order requiring each defendant to pay ADAPTIX its damages

with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D.      Any and all further relief to which the Court may deem ADAPTIX entitled.

## DEMAND FOR JURY TRIAL

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R.

Civ. P. 38.


Date: May 11, 2012                          **ADAPTIX, INC.**

                                            By: /s/ Paul J. Hayes (w/permission Wesley Hill)
                                            Paul J. Hayes – LEAD ATTORNEY
                                            Dean G. Bostock
                                            **HAYES, BOSTOCK & CRONIN LLC**
                                            300 Brickstone Square, 9th Fl.
                                            Andover, Massachusetts 01810
                                            Tel: (978) 809-3850
                                            Fax: (978) 809-3869
                                            Email: phayes@hbcllc.com
                                            Email: dbostock@hbcllc.com

                                            T. John Ward, Jr.
                                            Texas State Bar. No. 00794818
                                            J. Wesley Hill
                                            Texas State Bar. No. 24032294
                                            **WARD & SMITH LAW FIRM**
                                            P.O. Box 1231
                                            Longview, Texas 75606
                                            Tel: (903) 757-6400
                                            Fax: (903) 757-2323
                                            Email: jw@wsfirm.com
                                            Email: wh@wsfirm.com

**ATTORNEYS FOR THE PLAINTIFF
ADAPTIX, INC.**